IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-124-D-1

DERRICK DEVON KING, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On January 31, 2022, Derrick Devon King ("King" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 40]. On April 15, 2022, the government moved to dismiss King's motion [D.E. 47] and filed a memorandum in support [D.E. 48]. That same day, the court notified King of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 49]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 8, 2022, King responded in opposition to the government's motion to dismiss [D.E. 50].[1] On August 8, 2022, King pro se moved the court to recommend that King have additional time in the residential reentry center [D.E. 52]. As explained below, the court grants the government's motion to dismiss, dismisses King's section 2255 motion, and declines to make a recommendation about additional time in the residential reentry center.

I.

On June 2, 2020, pursuant to a plea agreement and after a thorough Rule 11 colloquy, King pleaded guilty to conspiracy to commit bank fraud (count one) and possession of a firearm in

---

[1] On June 9, 2022, King filed an identical response. See [D.E. 51].

furtherance of a drug trafficking crime (count two). See Rule 11 Tr. [D.E. 46] 17–32; [D.E. 14]; Plea Agr. [D.E. 17]; Revised Presentence Investigation Report ("PSR") [D.E. 33]. On November 30, 2020, the court held King's sentencing and found King's total offense level to be 24, his criminal history category to be IV, and his advisory guideline range to be 77 to 96 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See Sent. Tr. [D.E. 39] 12. After granting the government's motion for a downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the arguments of counsel, the court sentenced King to 60 months' imprisonment on count one and 60 months' consecutive imprisonment on count two for a total of 120 months' imprisonment. See Sent. Tr. at 13–47; [D.E. 36] 3. King did not appeal.

II.

In King's section 2255 motion, King argues that (1) he is actually innocent of his 18 U.S.C. § 924(c)(1) conviction because the State of North Carolina dismissed the predicate drug charges and (2) his plea agreement is constitutionally invalid because he did know that the State of North Carolina had dismissed those charges. See [D.E. 40, 40-1, 40-2, 50, 51]. King requests that the court dismiss count two. See, e.g., [D.E. 40-1] 31.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

furtherance of a drug trafficking crime (count two). See Rule 11 Tr. [D.E. 46] 17–32; [D.E. 14]; Plea Agr. [D.E. 17]; Revised Presentence Investigation Report ("PSR") [D.E. 33]. On November 30, 2020, the court held King's sentencing and found King's total offense level to be 24, his criminal history category to be IV, and his advisory guideline range to be 77 to 96 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See Sent. Tr. [D.E. 39] 12. After granting the government's motion for a downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the arguments of counsel, the court sentenced King to 60 months' imprisonment on count one and 60 months' consecutive imprisonment on count two for a total of 120 months' imprisonment. See Sent. Tr. at 13–47; [D.E. 36] 3. King did not appeal.

II.

In King's section 2255 motion, King argues that (1) he is actually innocent of his 18 U.S.C. § 924(c)(1) conviction because the State of North Carolina dismissed the predicate drug charges and (2) his plea agreement is constitutionally invalid because he did know that the State of North Carolina had dismissed those charges. See [D.E. 40, 40-1, 40-2, 50, 51]. King requests that the court dismiss count two. See, e.g., [D.E. 40-1] 31.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

## A.

King's claims are untimely. See 28 U.S.C. § 2255(f). The court entered judgment on December 10, 2020. See [D.E. 36]. King did not appeal, and King's conviction became final at the latest on December 24, 2020. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001); cf. Hannigan v. United States, 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015), appeal dismissed, 638 F. App'x 234 (4th Cir. 2016) (per curiam) (unpublished); [D.E. 36]. Thus, King had until December 24, 2021, to file his motion under section 2255. King, however, waited until January 31, 2022, to file his section 2255 motion [D.E. 40]. Moreover, King has not plausibly alleged that any governmental action prevented him from timely filing a section 2255 motion, that his section 2255 motion is based on a relevant right newly recognized by the Supreme Court, or that his section 2255 motion is based on facts that he could not have discovered with due diligence. See 28 U.S.C. § 2255(f); [D.E. 40, 40-1, 40-2, 50, 51]. Accordingly, the court dismisses King's motion as untimely.

Alternatively, King procedurally defaulted his claims by failing to raise them on direct

3

appeal. Thus, the general rule of procedural default bars King from presenting his claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, King has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).

In opposition, King claims that he is actually innocent of count two because the State of North Carolina dismissed the predicate drug trafficking charges for his section 924(c)(1) conviction. See [D.E. 40-1] 27–31; [D.E. 40-2] 4–8; [D.E. 50] 1–5; [D.E. 51] 1–5. The state dismissed certain state drug charges after King admitted to the underlying marijuana trafficking conduct in his plea agreement and under oath at his Rule 11 hearing. See [D.E. 40-1] 52–53; Rule 11 Tr. at 25; Plea Agr. ¶ 3(a); PSR ¶ 34. However, King's criminal information expressly stated that he knowingly used and carried a 9 mm semi-automatic handgun "during and in relation to a drug trafficking crime, to wit, Possess with Intent to Distribute Marihuana, for which he may be prosecuted in a Court of the United States and did possess such firearm in furtherance of said drug trafficking crime." Crim. Information [D.E. 1] ¶ 25. King did not need to be convicted of, or even charged with, a predicate offense in federal or state court to be convicted under section 924(c)(1). See, e.g., United States v. Randall, 171 F.3d 195, 205, 208 (4th Cir. 1999); United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997). Thus, the dismissal of the state drug charges does not make King actually innocent of count two. Moreover, King does not allege that did not engage in the acts underlying the predicate drug

4

trafficking offense referenced in count two. Indeed, he could not in light of his sworn admissions during his Rule 11 hearing and the admissions in his plea agreement. See Rule 11 Tr. at 14–32; Plea Agr. ¶ 3(a). Accordingly, King's claims are procedurally defaulted.

Alternatively, King's plea agreement contains a collateral-attack waiver. See Plea Agr. ¶ 2(c). In the waiver, King agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Id. In light of King's Rule 11 proceeding, the collateral-attack waiver is enforceable. See [D.E. 14]; Rule 11 Tr. at 1–34; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); " United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). King's claims fall within the collateral-attack waiver. Thus, the waiver bars King's claims.

Alternatively, the court dismisses King's claims that he is innocent as to count two and that his guilty plea is constitutionally defective for failure to state a claim upon which relief can be granted. When King pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime in count two, King admitted to possessing with the intent to distribute marijuana as an element of that offense. See Rule 11 Tr. at 25; Plea Agr. ¶ 3(a); Sent. Tr. at 27–29, 41–42. At his Rule 11 hearing, King stated that he read and discussed his plea agreement with his attorney and denied that he was threatened or forced to enter his guilty plea. See Rule 11 Tr. at 20–21. The state's decision to dismiss state charges did not undermine King's guilty plea to count two or render King's section

5

924(c) conviction invalid. See Randall, 171 F.3d at 208; Crump, 120 F.3d at 466. "[I]n the absence of extraordinary circumstances, allegations in a [section] 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221; see also Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975) ("[T]he district court was not required to conduct an evidentiary exploration of the truth of an allegation in a [section] 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty."), partially overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir. 1985) (en banc). Thus, King fails to state a claim upon which relief can be granted.

After reviewing the claims presented in King's motion, the court finds that reasonable jurists would not find the court's treatment of King's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

As to King's motion for a judicial recommendation concerning the length of residential reentry center placement, see [D.E. 52], the court defers to the Bureau of Prisons and declines to make a recommendation.

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 47], DISMISSES petitioner's section 2255 motion [D.E. 40], and DENIES petitioner's motion for a judicial recommendation [D.E. 52]. The clerk shall close the case.

SO ORDERED. This 10 day of November, 2022.

                                               JAMES C. DEVER III
                                               United States District Judge